UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICTOR B. PERKINS,

                      Plaintiff,        **MEMORANDUM & ORDER**

    -against-                              24-CV-138 (NRM) (TAM)

JOE BIDEN, *President of the United States*,
*et al.*,

                      Defendants.
------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

       The *pro se* Plaintiff in this action is Victor B. Perkins, who is currently held at the Federal Medical Center in Rochester, Minnesota. Plaintiff's application to proceed *in forma pauperis* is granted for the limited purpose of this Order. The Complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

       The Complaint alleges that Plaintiff was an employee of Defendant Jamaica Water Supply Company from 1983 to 1985, that he reported the company's illegal and corrupt activities, and that "he was subjected to retaliatory actions from the defendant(s) of over 30 years imprisonment" as a result. ECF No. 1 at 3.[1] Plaintiff asserts that "the defendant(s) failed and/or neglected to award him just compensation for his reporting of illegal and corrupt operations and activities of the defendant Jamaica Water Supply Company." *Id.* at 4, 7. Plaintiff states that he wrote letters to then-President Ronald Reagan, including a threatening letter, which led to

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

criminal charges. *Id.* at 5–6. Plaintiff claims that he was scheduled for release on October 5, 1992, but that he was civilly committed to a mental health facility. *Id.* at 6. Plaintiff now seek damages under 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 42 U.S.C. § 1985. *Id.* at 3.

Plaintiff filed a prior case in this district against the Jamaica Water Supply Company in 1990 that was dismissed because Plaintiff made no allegation of state action for a claim under 42 U.S.C. § 1983. *Perkins v. Jamaica Water Supply Co.*, No. 90-CV-2606 (EHN), 1990 WL 152547 (E.D.N.Y. Sept. 27, 1990), *recons. denied*, (Dec. 4, 1990), *appeal dismissed*, (2d Cir. Jan. 29, 1991), *cert. denied*, 502 U.S. 835 (1991). By his own count, Plaintiff has filed 110 complaints and/or appeals in lower courts and eight petitions for a writ of certiorari in the United States Supreme Court. ECF No. 1 at 7.

## **DISCUSSION**

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (citation and quotation marks omitted)). In giving *pro se* complaints special consideration, the Court must interpret a complaint to raise the strongest arguments it suggests. *Id.*; *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If the Court finds any possibility that "a valid

claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

A federal statute, 28 U.S.C. § 1915(e)(2)(B), allows plaintiffs who cannot afford to pay the filing fee to file lawsuits without paying the fee. This statute requires a district court to dismiss the case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In this case, Plaintiff has failed to state a claim against any Defendants. Assuming the pleaded facts to be true, the Complaint does not tie those allegations to "cognizable causes of action, thus lacking an arguable basis in the law, and fail[ing] to state a plausible claim upon which relief could be granted." *Chen v. Mount Sinai Beth Israel*, No. 22-1453, 2023 WL 8253422, at *1 (2d Cir. Nov. 29, 2023) (summary order) (citation omitted) (affirming a district court's denial of a *pro se* litigant's complaint for failing to state a claim). The claim under 28 U.S.C. § 1343 lacks a connection to any conspiracy to interfere with Plaintiff's civil rights as defined under 42 U.S.C. § 1985. There is additionally no clear federal question on the face of the pleading for jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks "just compensation for his reporting of illegal and corrupt operations and activities," but he provides no grounds on which he could be compensated for the actions he says that he took nearly 40 years ago. Accordingly, these claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, sovereign immunity bars his claims against the current and former Presidents. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982) (holding that the President of the United States has absolute immunity from damages liability for acts within the "outer perimeter" of his official responsibility); *Dixon v. Biden*, No. 23-CV-0748 (LTS), 2023 WL 3976929, at *2 (S.D.N.Y. June 12, 2023) (explaining that the President "is absolutely immune from suit for damages predicated on his official acts" (quotation omitted); *Chinese Americans C.R. Coal., Inc. v. Trump*, No. 21-CV-4548 (JGK), 2022 WL 1443387, at *1 (S.D.N.Y. May 6, 2022) (explaining that sovereign immunity applies to former officials). In addition, "the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and federal officers sued in their official capacities," such as the former and current Attorney Generals sued here. *Coutlis v. Biden,* No. 24-CV-02193 (NRM) (LB), 2024 WL 1719638, at *2 (E.D.N.Y. Apr. 22, 2024) (collecting cases). Sovereign immunity may be waived only if the government consents to suit. *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urb. Dev.,* 175 F.3d 132, 139 (2d Cir. 1999) ("The sovereign immunity of the United States may only be waived by federal statute . . . ." (citation omitted)).

"The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)

4

(citations omitted). In this case, Plaintiff has not shown that the United States has waived the sovereign immunity of federal officials related to an alleged whistleblower action against a private company. Thus, Plaintiff's claims against United States officials must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, on June 5, 2024, Plaintiff filed a motion related to the failure of the Defendants to respond to his complaint. ECF No. 5. On January 13, 2025, Plaintiff filed another motion seeking a writ of mandamus to direct this Court to issue an order to show cause as to why his motion should not be granted because Defendants have not responded. ECF No. 9. However, because Plaintiff's application to proceed *in forma pauperis* has been pending, the Defendants have not been served and their deadline to respond to Plaintiff's complaint has not begun. *See* Fed. R. Civ. P. 12(b)(1)(A)(i) (defendant must serve an answer "within 21 days after being served with the summons and complaint"). Those motions are now moot.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: January 14, 2025
Brooklyn, New York

5